IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSHUA ERIC WILKES, #A6008448 )<br>)<br>        Plaintiff,      )<br>)<br>  vs.               )<br>)<br>HCCC CENTRAL HOSPITAL, HCCC  )<br>JAIL HILO, 3 PANAL STATE    )<br>DOCTORS OAHU MENTAL HOSPITAL, )<br>)<br>        Defendants.     )<br>_____ ) | CIV. NO. 11-00041 HG-BMK<br><br>ORDER DISMISSING COMPLAINT |

## **ORDER DISMISSING COMPLAINT**

On January 19, 2011, *pro se* plaintiff Joshua Eric Wilkes, filed this prisoner civil rights Complaint pursuant to 42 U.S.C. § 1983, and an *in forma pauperis* ("IFP") application. Wilkes names the Hilo Central Hospital, the HCCC Jail Hilo, and "3 Panal State Doctors [at] Oahu Mental Hospital," as defendants to this suit. The court granted Wilkes's IFP application and now screens the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1). The Complaint is DISMISSED with leave to amend as detailed below.

### **I. BACKGROUND AND CLAIMS**

When he filed this action, Wilkes was awaiting trial in the Circuit Court of the Third Circuit, State of Hawaii ("circuit court"), on a charge of Promoting a Dangerous Drug in the First Degree in violation of Hawaii Revised Statute ("HRS") § 712-

1241.[1]  Wilkes was housed at the Hawaii Community Correctional Center ("HCCC").  On March 10, 2008, the circuit court suspended Wilkes's criminal proceedings and committed Wilkes to the custody of the Director of Health for a mental health examination pursuant to HRS § 704-404(2) (1993).[2]  On October 14, 2008, after the examination was completed and Wilkes was determined competent to stand trial, the circuit court released him on bail.

Two years later, when Wilkes failed to appear for his criminal trial in August 2010, the State moved for revocation of release and forfeiture of bail, and the circuit court issued a warrant for his arrest.  Wilkes was taken into custody on September 28, 2010.  On January 27, 2011, the circuit court accepted Wilkes's change of plea and deferred acceptance of *nolo contendere* to Promoting a Dangerous Drug in the Third Degree in violation of HRS § 712-1243.  Wilkes was released from custody. *See* Hawaii Statewide Automated Victim Information and

---

[1] These facts are taken from the Hawai`i State Judiciary Ho`ohiki public access to court records, available at http://www.hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm (), the Complaint, Wilkes's recent petition for writ of habeas corpus in Civ. No. 10-00747 DAE, and the two complaints the day he filed this action, Civ. No. 11-00039 HG, and Civ. No. 11-00040 HG. *See United States v. 14.02 Acres*, 547 F.3d 943 (9th Cir. 2008) (the court may take judicial notice of matters of public record outside the pleadings) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)(the court may take notice of its own records and files); Fed. R. Evid. 201(b).

[2] Chapter 704 relates to the exclusion of penal responsibility as a result of a physical or mental disease, disorder or defect.

Notification ("SAVIN") System, https://www.vinelink.com/vinelink.

Wilkes raises three causes of action; each count, however, is a semi-coherent, confusing, stream-of-conscious recitation of disconnected words and sentences laced with random phrases claiming numerous violations of his rights. The claims in each count overlap and are repetitive; no facts are presented in any claim showing that any individual or individuals are responsible for Wilkes's allegations. The court summarizes Wilkes's claims below, as much as it is possible to glean meaning from his words.

In Count I, Wilkes complains that he was forced to take anti-psychotic medication, presumably during his Chapter 704 examination and seven-month hospital stay from March to October, 2008.

In Count II, Wilkes claims he was denied adequate medical care for his food allergies, he has a religious right to eat non-allergenic food; (3) he was attacked by a guard who took his mattress pad, resulting in a permanent back injury; (4) his forced stay in the hospital during his mental health examination delayed his trial two years; and (5) his medical records are being used against him in court.

In Count III, Wilkes claims the "3 Panal Doctors" violated the Eighth Amendment by authoring a fraudulent mental health report about him that is being used against him in court.

Wilkes claims that he has studied and taught law and therefore his admission in court that he did not understand the charges against him (presumably resulting in his commitment for a determination of penal responsibility), is obviously frivolous. Wilkes complains that this delayed his trial. Wilkes may be asserting other claims, but they are not readily apparent even after a close reading of the Complaint.

## II.  **STATUTORY SCREENING**

The court is required to screen all complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if a plaintiff raises claims that are legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2). If a pleading can be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).

## II.  **DISCUSSION**

"To sustain an action under section 1983, a plaintiff must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct

4

deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation omitted), *vacated and remanded on other grounds*, 129 S. Ct. 2431 (2009). *Accord West v. Atkins*, 487 U.S. 42, 48 (1988).

**A. Rule 8 of the Federal Rules of Civil Procedure**

To state a claim for relief, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The court may dismiss a complaint with the factual elements of a cause of action scattered throughout and not organized into a "short and plain statement of the claim" for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*,

864 F.2d 635, 640 (9th Cir. 1988); *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996).

The Complaint falls far below a short and plain statement showing Wilkes's entitlement to relief; it cannot be served as written. Wilkes gives no identifying details supporting his claims, such as when they occurred, who is responsible for them, or how these allegations violated his rights under the Constitution or laws of the United States. It is also impossible to determine who the defendants are and what Wilkes's specific claims against them entail. If the court were to guess at who Wilkes intends to name, it would be impossible for anyone to draft an answer to the Complaint in its present form. Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Wilkes's claims do not comply with Rule 8's liberal pleading standards, therefore they do not state a claim for relief, and are DISMISSED.

## B. Improper Defendants: Hilo Central Hospital, HCCC Jail Hilo, and Oahu Mental Hospital

Defendants, the "Hilo Central Hospital," "HCCC Jail Hilo," and "Oahu Mental Hospital" are not persons that can be sued under 42 U.S.C. § 1983.[3] *See Howlett v. Rose*, 496 U.S. 356,

---

[3] Presumably, "Oahu Mental Hospital" refers to the Hawaii State Hospital, located in Kaneohe, Hawaii, and run by the Hawaii Department of Health. There is no "Hilo Central Hospital;" Wilkes (continued...)

365 (1990); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997); *see also, e.g., Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir. 1992) (finding that a prison's medical department is not a "person" within the meaning of § 1983); *O'Haire v. Napa State Hosp.*, No. C 07-0002, slip copy, 2009 WL 2447752 *1 (N.D. Cal. 2009) (finding California Dep't of Health and Napa State Hospital are not persons under § 1983); *Castillo v. Blanco*, No. 07-215, 2007 WL 2264285, at *4 (E.D. La. Aug. 1, 2007) ("[A] jail is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983").

While these defendants are not susceptible to suit under § 1983, it is possible the county or local governmental agencies that are in charge of them can be sued. *See Shaw v. Cal. Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 604-05 & n.1, 610-11 (9th Cir. 1986) (police department of a city and the sheriffs department of a county are public entities under California law and therefore may be sued in federal court); *see also Brewster v. Shasta County*, 275 F.3d 803, 812 (9th Cir. 2001) (California county sheriff's department acts for county rather than state when investigating crime, thus county may be subject to § 1983 liability)).

---

[3](...continued)
may be referring to the Hilo Medical Center.

Wilkes, however, fails to allege that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007); *City of Canton, Ohio, v. Harris*, 489 U.S. 378, 385 (1989). While detailed allegations are not required, Wilkes must still set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. . . ." *Twombly*, 127 S. Ct. at 1964-65. As such, Wilkes has not stated a claim under § 1983 against the governmental entities responsible for the "Hilo Central Hospital," HCCC Jail Hilo, and "Oahu Mental Hospital;" they are DISMISSED with prejudice.

**C.  Failure to Link A Specific Defendant to Any Claim**

"A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Section 1983, therefore, requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See Monell v. Dep't*

8

*of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Wilkes fails to name any individual or individuals who are responsible for his claims, other than naming "3 Panal State Doctors" in the caption, presumably referring to the doctors who examined him pursuant to Chapter 704 in 2008, and who authored the allegedly fraudulent mental health report. Wilkes, however, fails to link any particular defendant or defendants within any specific claim and fails to provide sufficient details and facts concerning his allegations to put anyone on notice that he or she violated Wilkes's constitutional rights. As such, Wilkes fails to state a claim upon which relief can be granted and his claims are DISMISSED.

### 1. *Unidentified Defendants*

Wilkes refers to "Doctors and Nurses" employed by "Hilo Central" and/or the "Oahu Mental" Hospitals in the body of the Complaint, *see* Compl. 2, but fails to name any Doe defendants in the Complaint's caption. This is insufficient under Rule 10 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) (requiring all parties to be named in caption of complaint).

Insofar as Wilkes intends "3 Panal Doctors," or "Doctors and Nurses" to refer to doe defendants employed by the Hawaii State Hospital or another hospital in Hilo or elsewhere, he is notified that "[a]s a general rule, the use of 'John Doe'

to identify a defendant is not favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). When the identity of alleged defendants is not known prior to filing the complaint, however, a plaintiff should be given an opportunity to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie*, 629 F.2d at 642); *see also Peralta v. Doe*, No. 04-CV-6559, 2005 WL 357358, at *2 (W.D.N.Y. Jan. 24, 2005). Wilkes's claims against these unidentified defendants, are discussed in detail below.

**D.  Count I Fails to State a Claim**

Wilkes claims he was in an unidentified hospital with severe mental trauma stemming from "massive sleep deprivation and massive weight loss," (induced by his girlfriend only allowing him two hours sleep per night). Compl. at 5. Wilkes says the hospital refused to treat him unless he took drugs, but he informed the hospital that "until you call my doctors and diagnose [me] correctly I won't take your drugs." *Id.* Wilkes claims that the hospital then incorrectly diagnosed him as suicidal and informed the "3 Panal Doctors," who used this information in their mental health report. Wilkes labels this claim "The right to refuse psychiatric treatment: Eighth Amendment Unwanted Treatment with Antipsychotic Drugs." *Id.*

Besides the failure to name or detail sufficient facts showing that any individual is responsible for a constitutional violation, or even to identify the date or the specific hospital where these actions occurred, this claim is deficient.

An inmate possesses a liberty interest in avoiding the unwanted administration of anti-psychotic drugs under the Due Process Clause of the Fourteenth Amendment. *Washington v. Harper*, 494 U.S. 210, 222 (1990); *Sell v. United States*, 539 U.S. 166 (2003); *United States v. Rivera-Guerrero*, 426 F.3d 1130, 1136 (9th Cir. 2005). The state may, however, treat an inmate with a serious mental illness with anti-psychotic drugs against his will if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest. *Harper*, 494 U.S. at 227. Nonetheless, because a liberty interest is implicated, a prisoner must receive a minimum of due process prior to deprivation of that interest and the court must evaluate what process is due. *Wilkinson v. Austin*, 545 U.S. 209, 229 (2005.); *Neal v. Shimoda*, 131 F.3d 818, 830 (9th Cir. 1997).

Other than in the title of this claim, Wilkes presents no facts showing that he was involuntarily medicated without due process, or in violation of the Eighth Amendment.[4] Wilkes, in

---

[4] Wilkes's criminal proceeding shows that, although the State Director of Health moved for an order authorizing involuntary medication in April 2008, the motion was withdrawn in June 2008. *See* 3PC-07-1-000621, Docs. 11 & 17.

fact, states that he refused to take any drugs that were not prescribed by his own doctor. As such, Wilkes fails to state a claim in Count I and it is DISMISSED.

**E. Count II Is Duplicative of Claims Alleged in Civ. No. 10-00748 DAE**

The court may dismiss a complaint or individual claims that are duplicative of claims brought in another case. *See* 28 U.S.C. § 1915A(b)(1) (allowing district courts to dismiss prisoner actions that are frivolous); *see also Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding the court has discretion to dismiss an action as frivolous under 28 U.S.C. § 1915 where the complaint "merely repeats pending or previously litigated claims").

On December 10, 2010, Wilkes filed his first prisoner civil rights complaint in this court. *See Wilkes v. Hilo Courthouse*, Civ. No. 10-00748 DAE. In this action, Wilkes raised, *inter alia*, several of the same claims as he raises in the present Complaint. *See id.*, Doc. 1, Compl. 5-7; Doc. 7, Order Dismissing Complaint at 3. For example, Wilkes complained that he was involuntarily confined at a hospital, his back was injured by a guard in 2008, and by being forced to sleep on a metal mattress and/or the floor, he was denied religious and "disability" meals, and he was forced to eat food that he is allergic to, resulting in weight loss. The court dismissed the complaint in Civ. No. 10-00748 on January 21, 2011, for failure

12

to name proper defendants or otherwise state a claim, with leave granted to amend on or before February 21, 2011.[5] *Id.*

Wilkes has filed five federal actions in this court alleging substantially identical claims against substantially similar defendants.[6] He has also filed twenty-nine state court actions in 2010-2011, that name the same or substantially similar defendants.[7] *See* Hawai`i State Judiciary Ho`ohiki, avail. at http://www.hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm. In the present action Wilkes threatens, "Plaintiff will be fileing [sic] over 100 lawsuits because Constitutional Rights Broken." Compl. at 8. It is unclear whether Wilkes is maliciously filing these repetitive actions with identical claims. It is clear that he is nonetheless abusing the state and federal court systems. Even if Wilkes misunderstands legal procedure, his filing repetitive complaints and claims in this court is frivolous and

---

[5] This action was filed before the complaint in Civ. No. 10-00748 was dismissed and is not an attempt to amend Civ. No. 10-00748.

[6] *See Wilkes v. Hilo Courthouse*, Civ. No. 10-00747 (habeas action); *Wilkes v. Hilo Courthouse*, Civ. No. 10-00748; *Wilkes v. HCCC Jail*, Civ. No. 11-00040; *Wilkes v. Hilo Central Hosp.*, Civ. No. 11-00041.

[7] *See e.g., Wilkes v. Hilo State Hosp.*, 3CC10-1-000144; *Wilkes v. Hilo State Hosp.*, 3CC10-1-000145; *Wilkes v. Nurses Office Hilo Jail*, 3CC10-1-000146; *Wilkes v. Hilo State Hosp.*, 3CC10-1-000236; *Wilkes v. Hilo State Hosp.*, 3CC10-1-000237; *Wilkes v. Hilo Hosp.*, 3CC10-1-000242; *Wilkes v. Public Defenders Office*, 3CC10-1-000243; *Wilkes v. Hilo Courthouse*, 3CC10-1-000309.

becoming vexatious. Because Wilkes has raised the claims he asserts in Count II in Civ. No. 10-00748, which is still pending, the claims asserted in Count II are DISMISSED with prejudice from this action as frivolous.

**F.  Count III Is Dismissed**

Wilkes claims that the mental health report authored by a three-doctor panel appointed pursuant to Chapter 704 is fraudulent, is being improperly used in his state criminal proceedings, and that his trial was delayed several years based on this report. Wilkes protests that he understands the charges against him, is competent to stand trial, and is not schizophrenic. Count III therefore makes little sense; it is unclear if Wilkes alleges that the report is fraudulent because it found him competent to stand trial or because it failed to find him incompetent. Since the report found Wilkes competent to stand trial and his criminal proceedings were reinstated, however, it cannot be fraudulent under Wilkes's own criteria.

Count III is nonetheless improper, because its claims impact Wilkes's state criminal proceeding and are barred by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* bars requests for declaratory and monetary relief for certain constitutional injuries arising out of a plaintiff's ongoing state criminal prosecution. *Gilbertson v. Albright*, 350 F.3d 1030, 1032 (9th Cir. 2003) (citing *Green v.*

*City of Tucson*, 255 F.3d 1086, 1092-93 (9th Cir. 2001) (*en banc*)). *Younger* abstention continues to apply after conviction, while a case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). The federal court should not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *See Younger*, 401 U.S. 37, 43-54; *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000) ("When the case is one in which the *Younger* doctrine applies, the case must be dismissed.").

Abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; (3) the state proceedings afford adequate opportunity to raise the constitutional issue; and (4) the federal action would enjoin the state proceeding, or have the practical effect of doing so in a manner disapproved by *Younger*. *See AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, (9th Cir. 2007); *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982.

When Wilkes filed this action, he was a defendant in an ongoing state criminal proceeding involving the important state interests of prohibiting the promotion of illegal drugs. Wilkes was represented by counsel and had an opportunity to raise this claim in that proceeding. Although Wilkes's criminal proceeding

15

has concluded pursuant to Wilkes's deferred acceptance of *nolo contendere*, Wilkes may raise this claim on appeal.

Any determination by this court concerning the accuracy and validity of Wilkes's mental health reports and the alleged delay of his criminal proceedings would clearly call into question the validity of his conviction and interfere with any appeal Wilkes might pursue. As such, *Younger* abstention applies. The Court must now determine whether a stay or dismissal of this claim is appropriate. Claims for injunctive or declaratory relief are normally dismissed; claims for monetary damages may be stayed. *Juidice v. Vail*, 430 U.S. 327, 348 (1977). Insofar as Wilkes seeks damages regarding the claims in Count III, however, they are premature because they implicate the validity of his conviction. *See Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a plaintiff cannot bring a civil rights actions for damages for a wrongful conviction unless that conviction has been reversed, expunged, reversed, or otherwise determined improper). A stay of this claim is unnecessary while Wilkes exhausts this issue in state court. *See* 28 U.S.C. § 2244(d)(2) (tolling the statute of limitation while a properly filed application for State post-conviction relief is pending).

Count III is DISMISSED without prejudice to refiling after Wilkes has exhausted his claims in state court and has

successfully overturned his conviction. Leave to amend this claim in this action is DENIED.

## G. 28 U.S.C. § 1915(g)

Wilkes is notified that, pursuant to 28 U.S.C. § 1915(g), a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." This dismissal may constitute a strike under 28 U.S.C. § 1915(g).

## IV. CONCLUSION

IT IS HEREBY ORDERED that:

(1) The Complaint is DISMISSED for failure to state a claim and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1).

(2) Count II and Defendants Hilo Central Hospital, HCCC Jail Hilo, and Oahu Mental Hospital are DISMISSED with prejudice.

(3) Count III is DISMISSED without prejudice but without leave to amend in this action.

(4) Count I is DISMISSED with leave to amend. Wilkes may file an amended complaint on or before **March 7, 2011.** The

17

amended complaint must: (i) name at least one Doe Defendant in its caption and provide facts showing that defendant's involvement in Wilkes's allegations in Count I; (ii) be accompanied by an explanation of what Wilkes has done to learn the Doe Defendants' names, and why he has been unsuccessful; and (iii) cure the other deficiencies noted above, specifically demonstrating how the conditions complained of have resulted in a deprivation of his constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980).

(5) The court will not refer to the original pleading to make any amended complaint complete. Local Rule 10.3 requires that an amended complaint be complete in itself without reference to any prior pleading. Defendants not named and claims not realleged in any amended complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Furthermore, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). In an amended complaint, each claim and the involvement of each defendant must be sufficiently alleged.

(6) Failure to timely submit an amended complaint by March 7, 2011, will result in AUTOMATIC DISMISSAL of this action as frivolous and for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1)-(2), § 1915(e)(2).

(7) This action may be counted as a "strike" under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 7, 2011.



/S/ Helen Gillmor
-----
Helen Gillmor
United States District Judge

*Wilkes v. Hilo Central Hospital, et al.*, Civ. No. 11-00041 HG-BMK; psas\Screening\dmp\2011\Wilkes 11-41 HG (ftsc, friv, dplctv)